Martha Sheehy
SHEEHY LAW FIRM
P. O. Box 584
Billings, Montana 59103-0584
Telephone: (406) 252-2004
Telefax: (866) 477-5953
msheehy@sheehylawfirm.com

Attorney for Plaintiff
PacificSource Health Plans

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PACIFICSOURCE HEALTH PLANS,<br><br>Plaintiff,<br><br>-vs-<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | Cause No. CV-21-64-BU-BMM<br><br>**COMPLAINT** |

Plaintiff PacificSource Health Plans ("PacificSource"), by and through its counsel of record, Sheehy Law Firm, for its Complaint states and alleges as follows:

**PARTIES**:

1. PacificSource is an Oregon nonprofit corporation with its principal place of business in Springfield, Oregaon. As such, PacificSource is a resident and citizen of Oregon.

2. Upon information and belief, Atlantic Specialty Insurance Company ("ASIC") is an insurance company licensed to do business in the State of Montana. ASIC is organized under the laws of the state of New York and has its principal place of business in Minnesota. ASIC is a citizen of New York and Minnesota.

**JURISDICTION**

3. Subject matter jurisdiction is based on 28 U.S.C. Section 1332. This action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

4. Subject matter jurisdiction is alternatively based upon the Declaratory Judgment Act, 28 U.S.C. Section 2201(a).

5. Venue is proper in the Butte Division of the District of Montana pursuant to 28 U.S.C. Section 1391(b)(2), because a substantial part of the events, acts, or omissions giving rise to this dispute occurred in the Division and the District, and because the obligations under the relevant insurance contracts

involve the availability of coverage for a lawsuit captioned *Gardner v. PacificSource Health Plans*, No. DV 17-274B, Montana Eighteenth Judicial District Court, Gallatin County.

**BACKGROUND**

6. ASIC issued Managed Care Errors & Omissions Liability Policy No. MCR-8768-16 with a policy period of 6/30/2016 to 6/30/2017 to PacificSource. A copy of the policy is attached as Exhibit 1.

7. During the policy period, PacificSource notified ASIC of a class action filed by Jacklin Gardner captioned *Gardner v. PacificSource Health Plans*, No. DV 17-274B, Montana Eighteenth Judicial District Court, Gallatin County ("the Gardner Action").

8. ASIC acknowledged receipt of the notice of the Gardner Action on September 20, 2017.

9. ASIC agreed that the Gardner Action "appears to qualify as a Claim made during the Policy Period against PacificSource for an act committed during the performance of a Managed Care Activity" and agreed to defend PacificSource in the Montana lawsuit pursuant to a reservation of rights.

10. ASIC did not reserve its rights as to the nature or definition of "Claim Expenses."

11. PacificSource and defense counsel Robert Lukes kept ASIC advised of settlement negotiations and litigation developments.

12. On October 19, 2020, Mr. Lukes advised ASIC that as part of the litigation process, notices would be sent by a third-party administrator to approximately 130,000 potential class members, at an estimated cost of $177,000 to $227,000.

13. On January 27, 2021, ASIC for the first time asserted that expenses related to notices in the class action would not be considered "Claim Expenses" by ASIC, and denied coverage for the expense of notifying potential claimants in the class action.

14. On March 9, 2021, ASIC again denied coverage for upcoming notice expenses.

15. PacificSource has now incurred notice costs of $86,624.37, and expects additional expenses in the range set forth by Mr. Lukes on October 19, 2020.

**COUNT I: Declaratory Judgment**

16. Pacific Source re-asserts the allegations contained in the previous paragraphs of the Complaint.

17. The Policy provides that ASIC will pay Damages and Claims Expenses that

PacificSource is legally obligated to pay as a result of a Claim.

18. The Policy defines Damages as:

(F) **Damages** means any settlements, judgments, pre-judgment interest, post-judgment interest, claimant's attorney's fees in an amount equal to the percentage that any **Damages** covered under this Policy for any settlement or judgment bear to the total amount of such judgment or settlement, or other amounts (including punitive, multiple, or exemplary damages if insurable under the **Law Most Favorable to Insurability**) which **you** are legally obligated to pay as a result of a **Claim.**

****

19. The Policy defines Claim Expenses as:

(D) **Claim Expenses** means the reasonable and necessary legal and expert fees and expenses incurred in the investigation, adjustment, defense or appeal of any **Claim**, including the costs of electronic discovery and, with our prior written consent, public relations consultant expenses. **Claims Expenses** does not include:

(1) any remuneration, salary, wage, fee, expense, overhead, or benefit expense of any of you;

(2) any fee, cost or expense incurred prior to the time that a **Claim** is first made against you or incurred in pursuing any claim, counterclaim, cross-claim, or other relief brought or maintained by, or in the name or right of, or for the benefit of any of you; or

(3) any fine, penalty, forfeiture, sanction, tax or fee.

20. The claims asserted by Gardner fall within the scope of coverage provided by the Policy, and no exclusions bar coverage.

21. The costs incurred in notifying the class in the Gardner Action constitute

"Claim Expenses" or "Damages" and are covered by the Policy.

22. Gardner's and the class attorney fees constitute "Claim Expenses" or "Damages," and are covered by the Policy.

23. Pursuant to the Declaratory Judgment Act, PacificSource seeks a declaration from the Court that pursuant to the terms of the Policy, ASIC is obligated to indemnify PacificSource for notice costs, Gardner's attorneys fees, and other Damages and Claim Expenses incurred in the Gardner Action.

24. Other policy provisions may apply also.

WHEREFORE, Plaintiff PacificSource prays that this Court enter judgment and:

1. Declare that ASIC owes a duty to Plaintiff under the Policy to reimburse PacificSource for notice costs and other Claim Expenses and Damages;

2. Declare that ASIC owes a duty to Plaintiff under the Policy to indemnify PacificSource for Claim Expenses and Damages.

3. For PacificSource's attorney fees incurred in this action, pursuant to Montana's insurance exception and/or the supplemental relief afforded in declaratory actions.

4. For such other and further relief as the Court deems just and proper.

DATED this 23rd day of August, 2021.

SHEEHY LAW FIRM

By /s/Martha Sheehy

P. O. Box 584
Billings, Montana 59103-0584

Attorney for Plaintiff PacificSource