IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE  DIVISION

| | |
|---|---|
| PACIFICSOURCE HEALTH PLANS, | Cause No. CV -21-064-BU-BMM |
| Plaintiff, | |
| -vs- | **ORDER** |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendants. | |

Before the Court is Plaintiff PacificSource Health Plans' ("PacificSource")

Motion for Default Judgment against Atlantic Specialty Insurance Company

("ASIC").   For the following reasons, default judgment is appropriate

**Background**

Plaintiff PacificSource Health Plans ("PacificSource") seeks a declaratory

judgment against its insurer, Atlantic Specialty Insurance Company ("ASIC") that

ASIC has a duty to indemnify PacificSource for notice costs and damages incurred

in a class action covered by ASIC's policy of insurance.  The summons and

complaint in this action were served upon Defendant ASIC's registered agent on

November 22, 2021, with an affidavit of service filed that same day.  (Doc. 3).

ASIC failed to appear or answer.  On December 30, 2021, PacificSource moved

for entry of default pursuant to Rule 55(a), F.R.Civ.P.  (Doc. 4).  The clerk

properly entered default on December 30, 2021.  (Doc. 5).  PacificSource filed the

motion for default judgment on May 4, 2022 (Doc. 6) and served ASIC's

registered agent on May 10, 2022.  (Doc. 8).  ASIC has not appeared in the

intervening months.

## Default Judgment

Whether to enter default judgment is a decision entrusted to the discretion

of the district court.  *Allstate Fire & Cas. Ins. Co. v. McLain*, 2021 WL 647141, *1

(D. Mont. Jan. 6, 2021); *citing In re First T.C. & Inv. Inc.*, 253 F.3d 520 (9th Cir.

2001); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Under

Federal Rule of Civil Procedure 55(b), a district court considering whether default

judgment is appropriate should consider the following factors:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of the claims;
> (3) the sufficiency of the complaint;
> (4) the amount of money at stake;
> (5) the possibility of factual disputes
> (6) whether default is due to excusable neglect, and
> (7) the policy favoring decisions on the merits.

*State Farm Fire & Cas. Ins. Co. v. Croft*, 2020 WL 1974373, at *1 (D. Mont.

-2-

April 24, 2020) *citing Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In considering these factors, the court accepts the factual allegations in the

complaint as true.  *See Geddes v. United Fin. Grp*., 559 F.2d 557, 560 (9th Cir.

1977).

The first factor, the possibility of prejudice to Plaintiff, weighs in favor of

granting default judgment.  Because ASIC has not answered the complaint, the

"court's failure to grant default judgment will leave [Plaintiff] without a remedy."

*Croft*, 2020 WL 1974373, at *1.

The second and third factors inquire into the merits of the claim and the

sufficiency of the Complaint, *Eitel*, 782 F.2d at 1471, both of which support

entering default judgment.  The Complaint is sufficient on its face.  The Complaint

meets the requirements of Rule 8's pleading standards and establishes this Court's

jurisdiction based on diversity.  28 U.S.C. Section 1332.

The allegations of the Complaint, taken as true, state a meritorious claim for

a declaration of coverage.  ASIC issued Managed Care Errors & Omissions

Liability Policy No. MCR-8768-16 with a policy period of 6/30/2016 to 6/30/2017

to PacificSource.  (Doc. 7-1).  During the policy period, PacificSource notified

ASIC of a class action filed by Jacklin Gardner captioned *Gardner v.*

*PacificSource Health Plans*, No. DV 17-274B, Montana Eighteenth Judicial

District Court, Gallatin County ("the Gardner Action"). (Complaint, Doc. 1, ¶ 7).

ASIC acknowledged receipt of the notice of the Gardner Action on September 20,

2017. (Doc. 1, ¶8). ASIC agreed that the Gardner Action "appears to qualify as a

Claim made during the Policy Period against PacificSource for an act committed

during the performance of a Managed Care Activity" and agreed to defend

PacificSource in the Montana lawsuit pursuant to a reservation of rights. (Doc. 1,

¶9). ASIC did not reserve its rights as to the nature or definition of "Claim

Expenses." (Doc. 1, ¶10).

Throughout the Gardner Action, PacificSource and defense counsel Robert

Lukes kept ASIC advised of settlement negotiations and litigation developments.

(Doc. 1, ¶11). On October 19, 2020, Mr. Lukes advised ASIC that as part of the

litigation process, notices would be sent by a third-party administrator to

approximately 130,000 potential class members, at an estimated cost of $177,000

to $227,000. (Doc. 1, ¶12). On January 27, 2021, ASIC for the first time asserted

that expenses related to notices in the class action would not be considered "Claim

Expenses" by ASIC, and denied coverage for the expense of notifying potential

claimants in the class action. (Doc. 1, ¶13). On March 9, 2021, ASIC again

denied coverage for upcoming notice expenses. (Doc. 1, ¶14).

The Policy provides that ASIC will pay Claims Expenses that PacificSource

is legally obligated to pay as a result of a Claim. (Ex. 1, p. 7). The Policy defines

"Claim Expenses" (Ex. 1, p. 11) as :

> (D)   **Claim Expenses** means the reasonable and necessary legal
>        and expert fees and expenses incurred in the investigation,
>        adjustment, defense or appeal of any **Claim**, including the
>        costs of electronic discovery and, with our prior written
>        consent, public relations consultant expenses.  **Claims
>        Expenses** does not include:
>        (1)   any remuneration, salary, wage, fee, expense,
>              overhead, or benefit expense of any of you;
>        (2)   any fee, cost or expense incurred prior to the time that
>              a  **Claim** is first made against you or incurred in
>              pursuing any claim, counterclaim, cross-claim, or
>              other relief brought or maintained by, or in the name
>              or right of, or for the benefit of any of you; or
>        (3)   any fine, penalty, forfeiture, sanction, tax or fee.

The three stated policy exceptions to the definition of "Claims Expenses" do

not include notice expenses incurred in a class action.  The Policy's definition of

"Claims Expenses" clearly encompasses the costs incurred in providing notice to

class members as required by the litigation.  Because the costs of providing notice

are imposed upon PacificSource to investigate and defend the Gardner Class

Action, the notice expenses fall squarely within the Policy's definition of "Claims

Expenses."  The notice costs are "necessary legal expenses in the investigation or

defense of" the Gardner Class Action.   Moreover, the Gardner's and the class

attorney fees constitute "Claim Expenses" or "Damages" and are covered by the

Policy.  (Doc. 1, ¶ 22).

Under Montana law, any and all limitations on coverage must be construed in favor of the insured.  *Winter v. State Farm Mut. Auto. Ins. Co.*, 2014 MT 168, ¶ 13, 375 Mont. 351, 328 P.3d 665.  The notice expenses are covered by the Policy as "Claims Expenses," and PacificSource is entitled to coverage for the notification costs.  Similarly, an award of attorney fees to the class is covered by the policy.  The merits of the claim and the sufficiency of the complaint weigh in favor of entry of default judgment.

The fourth factor considers the amount of money at stake weighed against the culpability of the Defendant's conduct.  The notice costs at issue in this suit are estimated at $177,000 to $227,000. (Doc. 1, ¶ 4).  PacificSource also seeks reimbursement of attorney fees incurred in recovering these policy proceeds.  The amount at issue is within the policy limits and is an amount that ASIC is contractually obligated to pay.  Thus, this factor weighs in favor of entry of default judgment.

The fifth and sixth factors – possible factual disputes and excusable neglect – also favor entering default judgment.  Because ASIC did not answer the complaint, no facts are in dispute.  *Croft* at *2; *see PepsiCo Inc. v.. Cal. Sec. Cans,* 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).  Moreover, this dispute involves a

question of policy interpretation, which is a question of law for the court to decide. *Steadele v. Colony Ins. Co.,* 260 P.3d 145 ¶ 18 (Mont. 2011). The complaint was served over six months ago. It is unlikely that the neglect is excusable. *Croft*, at *2.

The final factor, the policy favoring a decision on the merits, generally weighs against entering default judgment. *Eitel*, 782 F.2d at 1472. Yet "the mere existence of [Rule] 55(b), . . . indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc*., 238 F. Supp. 2d at 1177 (internal quotation marks omitted). ASIC's failure to answer makes any other disposition impractical. Having weighed each of the factors, the Court finds that default judgment is appropriate.

## Attorney Fees

The Complaint asserts that PacificSource is entitled to recover its attorney fees incurred in this action pursuant to Montana's insurance exception and the supplemental relief afforded in declaratory actions. (Doc. 1, p. 6, ¶ 3). Montana courts generally follow the American Rule, "which prohibits fee-shifting in most cases, absent statutory or contractual authority to the contrary." *Abbey/Land LLC v. Glacier Const. Partners LLC*, 394 Mont. 135, 161, 433 P.3d 1230,1247 (2019). The Montana Supreme Court recognizes two exceptions to that rule that apply

here – the insurance exception and the declaratory judgment exception.

The Montana Supreme Court has long recognized an insurance exception to the American Rule. That exception entitles a first-party insured to recover attorney fees "whenever an insurer forces its insured to assume the burden of litigation to obtain what the insured is entitled to under an insurance contract." *Abbey/Land*, 394 Mont. at 162, 433 P.3d at1247.  Montana law also allows an award of fees in declaratory actions as supplemental relief when the court, in its discretion, deems such an award "necessary or proper." *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 315 Mont. 231, 236, 69 P.3d 652, 655 (2003).  The federal statute, 28 U.S.C. § 2202, like Montana's statute, § 27-8-313, MCA, allows "further necessary and proper relief," which Montana courts interpret as including attorney fees and costs in insurance coverage actions. *Abbey/Land*, 394 Mont. at 162, 433 P.3d at 1247.

Both exceptions to the American Rule apply here.  ASIC accepted defense of the claim pursuant to a reservation of rights that did not include any reservation regarding claims expenses.  Nevertheless, ASIC refused to pay notice expenses incurred in the class action. PacificSource was forced to assume the burden of litigation to obtain the insurance coverage provided by ASIC.  An award of fees is necessary and proper to ensure the full benefit of the insurance coverage to

PacificSource.

IT IS ORDERED that PacificSource's motion for default judgment (Doc. 6) is GRANTED. Default judgment is entered in favor of PacificSource and against Defendant ASIC on PacificSource's claim for declaratory relief as follows: ASIC owes a duty to indemnify PacificSource for costs and expenses incurred by PacificSource in providing notices to approximately 130,000 potential class members through a third-party administrator; ASIC owes a duty to indemnify PacificSource for Gardner's and the class's attorney fees; and PacificSource is entitled to an award of attorney's fees reasonably incurred in bearing the burden of litigating this coverage dispute.

PacificSource will notify this Court within 21 days of entry of this Order as to whether a hearing is necessary to establish the amount of insurance proceeds to be paid by ASIC and the amount of reasonable attorney fees.

DATED this 16th day of May, 2022.

Brian Morris, Chief District Judge
United States District Court