IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PACIFICSOURCE HEALTH PLANS,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CV-21-64-BU-BMM<br><br>**ORDER ON MOTION TO SET ASIDE DEFAULT JUDGMENT** |

## INTRODUCTION

Defendant Atlantic Specialty Insurance Company ("ASIC") has filed a Motion to Set Aside Default Judgment. (Doc. 11.) Plaintiff PacificSource Health Plans ("PacificSource") opposes this motion. (Doc. 17.) The Court held a hearing on July 12, 2022. (Doc. 27.)

## FACTUAL AND LEGAL BACKGROUND

ASIC insures PacificSource through a Managed Care Errors & Omissions Policy ("the Policy"). (Doc. 17 at 2.) Jacklin Gardner brought a class action against PacificSource in Montana state court ("the Gardner Action"). (*Id.*); *See Gardner v. PacificSource Health Plans*, No. DV 17-274B, Montana Eighteenth Judicial

District Court, Gallatin County. The Montana state district court ordered PacificSource to pay the costs of notifying class members. PacificSource subsequently submitted those costs to ASIC for payment. (Doc. 17 at 2.) ASIC advised PacificSource on January 27, 2021, that the Policy did not cover these notice costs. (Doc. 12 at 2.) PacificSource challenged this decision on February 25, 2021, and ASIC reiterated the denial on March 9, 2021. (*Id.*)

PacificSource had no contact with ASIC until it served ASIC's registered agent with a Complaint on November 19, 2021. (*Id.* at 3.) ASIC alleges that "the complaint inadvertently was routed to the incorrect claim handler due to an error in associating the complaint with the correct insured." (*Id.*) PacificSource moved for default judgment on May 4, 2022, after ASIC failed to file an answer or otherwise appear in the case. (Doc. 6.) PacificSource served ASIC with the Motion for Default Judgment on May 12, 2022. (Doc. 8.) ASIC once again failed to respond. The Court entered Default Judgment in PacificSource's favor on May 16, 2022. (Doc. 9.)

ASIC alleges that it became aware of this lawsuit when PacificSource's counsel forwarded them the default judgment on May 26, 2022. (*Id.*) ASIC argues that the Court should set aside the default judgment based on ASIC's "excusable neglect." (Doc. 12 at 4.)

**LEGAL STANDARDS**

A district court possesses discretion to set aside a default judgment under Federal Rule of Civil Procedure 55(c) upon a showing of good cause. *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

**DISCUSSION**

The Court must consider three factors when a defendant seeks relief from a default judgment based upon excusable neglect: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be prejudiced; and (3) whether culpable conduct of the defendant led to the default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The Court may choose to deny the defendant relief from default judgment if any one of these factors is present. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (internal citations omitted). The determination of what conduct constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt*, 653 F.3d at 1111 (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)). The Court reviews each factor in turn.

I. **Whether ASIC has a meritorious defense.**

A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. *See Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (determining that district court had not erred in declining to vacate default

judgment when defendant offered "mere general denial without facts to support it"). The party seeking to set aside a default judgment does not bear an extraordinarily heavy burden. *See, e.g.*, *In re Stone*, 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978). The Tenth Circuit explained in *In re Stone* that the movant need only demonstrate facts or law showing the trial court that "a sufficient defense is assertible." *Id.*

ASIC bases its defense on the interpretation of the term "Damages" and "Claim Expenses" as defined in the Policy. (Doc. 12 at 5–6.) ASIC argues that the notice costs fall within an exception to the "Damages" provisions in the policy. This provision disclaims ASIC's obligation to pay "any cost or expense of complying with any injunctive, declaratory, or administrative relief or specific performance award." (Doc. 23 at 9–10 (citing Doc. 7-1 at 11).) PacificSource argues that the notice costs instead fall within the definition of "Claim Expenses." Claims Expenses encompass "the reasonable and necessary legal and expert fees and expenses incurred in the investigation, adjustment, defense or appeal of any Claim." (Doc. 17 at 13 (citing Doc. 7-1 at 7).)

ASIC contends that the notice costs could qualify as an expense incurred in PacificSource's defense against the claims in the Gardner Action. (Doc. 23 at 10–11.) ASIC's argument relies entirely on the fact that the Montana state trial court ordered PacificSource to pay the notice costs. (*Id.*) The Policy's definition of

"Claim Expenses" differs, however, from the "Damages" portion of the Policy. The Claims Expenses section fails to exclude court-ordered expenses. Class notice costs represent a frequent "interim litigation cost" that defendants risk incurring when defending against a class action. *See Hunt v. Imperial Merchant Services, Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009). ASIC's argument fails to establish how such litigation costs would not qualify as a "Claim Expense" under the Policy. ASIC fails to present a meritorious defense under the clear terms of the Policy. This factor weighs slightly in favor of sustaining the default judgment. *See Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (declining to set aside default judgment when defendant failed to provide factual support for his argument).

## II. Whether PacificSource would be prejudiced by the decision to set aside default judgment.

PacificSource alleges that setting aside the judgment would cause prejudice in the form of being required to shoulder the costs of "protracted litigation" and the notice costs and attorney fees granted in the default judgment. (Doc. 17 at 15–17.) "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). The plaintiff suffers prejudice only when setting aside the default judgment will hinder the plaintiff's ability to pursue its claim. *Id.*; *see also Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996). The Sixth Circuit recognized in *Thompson* that to be considered prejudicial,

5

"the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson*, 95 F.3d at 433–34.

To set aside the default judgment in this case would not hinder PacificSource's ability to pursue its claim on the merits and potentially recover the notice costs granted by the Court's default judgment. The recovery of these notice costs admittedly would be much delayed. Setting aside the default judgment would "merely restore[] the parties to an even footing in the litigation" and thus PacificSource would suffer no prejudice from setting aside the default judgment. *TCI Grp. Life Ins. Plan*, 244 F.3d at 701. This factor weighs in favor of setting aside the default judgment. *Id.*

### III. Whether ASIC's culpable conduct caused the default.

ASIC admits that its failure to respond to either the Complaint or the Motion for Default Judgment constitutes culpable conduct. (Doc. 12 at 4 ("while ASIC may be 'culpable' in failing to respond, that culpability was simply the result of excusable neglect").) ASIC argues that its conduct should be excused, however, because ASIC "did not act intentionally or in bad faith." (*Id.* at 5 (quoting *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011).) *Brandt* fails to support ASIC's argument.

In *Brandt*, the district court found the defendant's conduct in failing to file an answer to be culpable, regardless of the lack of any bad faith or intentional conduct. *Brandt*, 653 F.3d 1108 at 1110 (9th Cir. 2011). The Ninth Circuit agreed with the district court's decision to set aside the default judgment. The Ninth Circuit pointed out, however, that the district court's decision to set aside the default judgment fell within its discretion. The mere lack of bad faith or intentional conduct did not obligate a district court to set aside a default judgment. *Id.* The Ninth Circuit reaffirmed the "well-established proposition" that "a finding of culpability on the part of a defaulting defendant is sufficient to justify the district court's exercise of its discretion to deny relief from a default judgment." *Id.* at 1111.

The Court may exercise its discretion in determining whether to set aside a default judgment when the defendant's culpable conduct causes default. *Id.* The district court in *Brandt* cited the lack of bad faith or intentional conduct in its decision to set aside the default judgment. *Id.* at 1110. The district court in *Brandt* also relied heavily on the plaintiff's concession that the defendant possessed a meritorious defense. *Id.* ASIC lacks a similarly meritorious defense.

ASIC argues nevertheless that its negligence "is even more excusable," in light of PacificSource's failure to send a courtesy copy of the Complaint to ASIC's outside counsel. (Doc. 12 at 5.) ASIC cites to no authority to support the

7

proposition that PacificSource's conduct, which complied fully with its legal obligations, somehow mitigated ASIC's failure to respond to the Complaint. (Doc. 12 at 5; Doc. 23 at 6-8.)

The Montana Insurance Code dictates the requirements for service of process upon an insurer operating in the state. *See* Mont. Code. Ann. § 33-1-605. "[A]ny legal process, notice, or demand required or permitted by law to be served upon a company must be served" upon the insurance company's designated, registered agent. Mont. Code Ann. § 33-1-605(1). PacificSource complied with these requirements when it served its Complaint on ASIC's registered agent and again when it served its Motion for Default Judgment. (Doc. 17 at 3.) The only party in violation of its obligations in this case is ASIC, who failed to respond to either service as required of it by law. Mont. Code Ann. § 33-1-605(9) ("When legal process is served pursuant to this section, the insurer must appear, answer, or plead within 30 days, exclusive of the date of mailing, after the date of the certified mailing or *be subject to the laws of this state regarding default judgment*.") (emphasis added).

The Court declines to penalize PacificSource for serving ASIC in the precise manner prescribed by Montana state law. The burden to respond in a timely manner lay solely with ASIC as a properly served defendant. *See* Mont. Code. Ann. § 33-18-201(2) (insurers must "acknowledge and act reasonably promptly

upon communications with respect to claims arising under insurance policies"). A default caused by the movant's failure to establish minimum procedural safeguards for responding to a summons and complaint fails to rise to the level of excusable neglect. *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987). ASIC failed to comply with its obligations under the Montana Insurance Code when it mishandled PacificSource's Complaint. Mont. Code Ann. § 33-1-605(9). This failure alone establishes grounds for denying ASIC's motion to set aside default judgment. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011).

## CONCLUSION

ASIC's culpable conduct led to the entry of default judgment in this case. The Court could maintain default judgment on this basis alone. Other factors counsel in favor of denying ASIC's motion. *Id.* ASIC's negligent handling of the Complaint violated the Montana Insurance Code. Mont. Code Ann. § 33-1-605. ASIC attempts to shift the blame to PacificSource for not going above and beyond its statutory duty by sending a courtesy copy to ASIC's outside counsel. ASIC is the party, however, who failed to meet even the most basic of its own obligations as an insurer. The Court declines to excuse ASIC's neglect. *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999) (defendant's neglect was not excused when defendant failed "to establish 'minimum internal procedural

safeguards'"). Finally, ASIC's proposed defenses, based on its interpretation of the Policy, also lack merit. The Court denies ASIC's Motion to Set Aside Default Judgment.

## ORDER

Accordingly, **IT IS ORDERED** that Atlantic Specialty Insurance Company's Motion to Set Aside Default Judgment (Doc. 11) is **DENIED.**

Dated this 25th day of July, 2022.

_____

Brian Morris, Chief District Judge
United States District Court