**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PACIFICSOURCE HEALTH PLANS,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>    Defendant-Appellant. | No.   22-35666<br><br>D.C. No. 2:21-cv-00064-BMM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted July 14, 2023
Seattle, Washington

Before: GRABER, GOULD, and PAEZ, Circuit Judges.

    Atlantic Specialty Insurance Company ("ASIC") appeals the district court's order denying its motion to set aside a default judgment entered in favor of PacificSource Health Plans ("PacificSource"). We reverse and remand for further proceedings.

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a denial of a motion to set aside a default judgment under Federal Rule of Civil Procedure 60(b)(1), but we review de novo whether the district applied the correct legal rule. *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1110 (9th Cir. 2011). Although the standard is abuse of discretion, we have "admonished that, as a general matter, Rule 60(b) is 'remedial in nature and . . . must be liberally applied.'" *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695–96 (9th Cir. 2001) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam)).

When considering whether to set aside a default judgment for "excusable neglect," *see* Fed. R. Civ. P. 60(b)(1), the three "*Falk* factors" inform the district court's discretion, *see Brandt*, 653 F.3d at 1111 (citing *Falk*, 739 F.2d at 463). The *Falk* factors are: (1) "whether the plaintiff will be prejudiced"; (2) "whether the defendant has a meritorious defense"; and (3) "whether culpable conduct of the defendant led to the default." *Falk*, 739 F.2d at 463. The district court can deny relief on the basis of any factor, *Brandt*, 653 F.3d at 1111, but must consider that the excusable neglect inquiry is "'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,'" *id.* (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

**1. Prejudice.** The district court did not abuse its discretion in finding that setting aside the default judgment would not prejudice PacificSource. *See TCI*

*Grp.*, 244 F.3d at 701 ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment.").

**2. Meritorious Defense.** To satisfy the meritorious defense requirement, a party must simply "allege sufficient facts that, if true, would constitute a defense." *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) (citation omitted). "[T]he burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Grp.*, 244 F.3d at 700. ASIC argues that its defense is meritorious because the costs of giving notice to class members are not covered under the plain text of the Policy.

The Policy covers "Damages," defined as "any settlements, judgments, pre-judgment interest, post-judgment interest, claimant's attorney's fees . . . , or other amounts . . . which you are legally obligated to pay as a result of a Claim." Coverage for "Damages," however, expressly excludes "any non-monetary or equitable relief or redress, including but not limited to *any cost or expense of complying with any injunctive*, declaratory, or administrative *relief* . . . ." (emphases added). The Policy also covers "Claim Expenses," defined as "the reasonable and necessary legal and expert fees and expenses incurred in the investigation, adjustment, defense or appeal of any Claim."

In the underlying state-court class action ("*Gardner*" or "the *Gardner* action"), the trial court ordered PacificSource to pay the class notice costs as part

3

of the injunctive relief that would be entered against PacificSource.[1] *See Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1143–44 (9th Cir. 2009) (explaining that plaintiffs usually bear the burden of notice costs, but courts can shift the costs to the defendant after determining liability). ASIC argues that, because the notice costs were court-ordered, they were not "incurred in the investigation [or] defense" of the *Gardner* action (and therefore were not Claim Expenses), but rather constituted a "settlement[], judgment[], . . . or other amount[] . . . which [PacificSource was] legally obligated to pay as a result of a Claim." Thus, according to ASIC, these costs fall into the Policy's "Damages" category—but because the definition of "Damages" excludes "any cost or expense of complying with any injunctive . . . relief," the costs are not covered.

The district court rejected this argument, noting that the Policy's definition of "Claim Expenses" does not expressly exclude court-ordered costs. The Policy, however, must be read as a whole. *See Newbury v. State Farm Fire & Cas. Ins. Co.*, 184 P.3d 1021, 1025 (Mont. 2008). According to ASIC, "Damages" covers costs that PacificSource is "legally obligated to pay" (such as by court order) after a finding of liability, and "Claim Expenses" covers costs incurred "in the defense"

---

[1] The fact that PacificSource and the *Gardner* plaintiffs later entered into a stipulated order concerning class notice procedures does not alter our analysis. The order was entered into "pursuant" to the *Gardner* court's class certification order and was described as a settlement.

4

of the claim, meaning prior to any determination of fault.  If PacificSource could simply reframe the relief it was ordered to pay as a "Claim Expense" to escape the Policy's exclusion of "any cost or expense of complying with any injunctive . . . relief," the Damages exclusion would be rendered meaningless, violating principles of contract interpretation.  *See id.*

We need not and do not decide the merits of the underlying coverage dispute.  But ASIC has suggested a plausible reading of the Policy that would exclude coverage of the notice costs.  By failing to consider the Policy in its entirety, the district court abused its discretion when it concluded that ASIC failed to meet its minimal burden to demonstrate a meritorious defense.

**3. Culpability.**  "In this circuit, 'a defendant's conduct [is] culpable for purposes of the *Falk* factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007) (quoting *TCI Grp.*, 244 F.3d at 698); *see also TCI Grp.*, 244 F.3d at 697.  To conclude that ASIC was culpable, the district court relied on ASIC's admission of fault, the Montana Insurance Code, and out-of-Circuit cases finding no excusable neglect where a default was caused by the movant's failure to establish minimum procedural safeguards for responding to complaints.

5

ASIC admitted that it mishandled the complaints, but it did not admit—and no facts have been alleged—that it acted intentionally or in bad faith. PacificSource argues that the Montana Insurance Code establishes ASIC's bad faith, and in its culpability assessment, the district court also noted that ASIC failed to comply with its obligations to respond to service under the Code. *See* Mont. Code Ann. § 33-1-605(9). But state law does not limit a federal court's discretion to set aside a default judgment under Rule 60, a procedural inquiry. *See generally Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). It was error for the district court to rely on the Montana Insurance Code to find that ASIC acted in bad faith.

Negligent clerical errors, without more, do not establish culpability. Generally, conduct is culpable and inexcusable only when the defendant's active misconduct led to the default. *Compare Emp. Painters' Tr.*, 480 F.3d at 1000; *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 924–25 (9th Cir. 2004) *with TCI Grp.*, 244 F.3d at 697; *Falk*, 739 F.2d at 464; *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). ASIC made clerical mistakes, but "there is no suggestion that [ASIC] deliberately tried to manipulate the legal system." *TCI Grp.*, 244 F.3d at 699. The day after it learned of the default judgment, ASIC filed a motion to set it aside. *See id.* (explaining that a defaulting defendant's "diligence in seeking to set aside the default judgment

reveals no disrespect for the courts"). Moreover, PacificSource presented no evidence that ASIC is categorically negligent in failing to respond to lawsuits. Thus, even if reliance on out-of-Circuit cases emphasizing the failure to establish procedural safeguards was proper, those cases do not apply here.

The district court abused its discretion in finding ASIC culpable and, to the extent it relied on Montana law in its assessment, committed an error of law. For all the above reasons, the district court abused its discretion in denying ASIC's motion to set aside the default judgment.

**REVERSED and REMANDED for further proceedings.**